## SIMS v. PRICE.

Under the act of December 21, 1897 (Acts 1897, p. 54, Van Epps' Code Supp. §6225), notice of the filing of a traverse of the answer of a garnishee in a proceeding pending in a court other than a justice's court "shall be given in writing . . at least ten days before the trial of such garnishment." Even if the court has any discretion to postpone the trial to permit notice to be given, it is not an abuse of discretion to refuse to do so, where more than five months elapsed between the filing of the traverse and the calling of the case for trial, and no reason is assigned for the failure to give the notice.

Argued April 21, — Decided May 15, 1905.

Garnishment.     Before Judge Henry.     Floyd superior court. January 26, 1905.

The answer of the garnishee was filed on July 26, 1904. On the paper on which the answer was written the plaintiff, on August 20, 1904, wrote and filed a traverse to the answer. On January 26, 1905, the case was called for trial, and the garnishee moved to dismiss the traverse, because notice of the filing of the traverse had not been served on him ten days before the trial. The plaintiff moved that the case be postponed or continued for the term, in order to give him time to serve the notice. The court dismissed the traverse and discharged the garnishee, and the plaintiff excepted.

*Henry Walker*, for plaintiff.     *M. B. Eubanks*, contra.

Cobb, J. The act of December 21, 1897, provides that notice of the filing of a traverse of the answer of a garnishee, in a proceeding in a court other than a justice's court, shall be given to the garnishee, if he be accessible, and if not, to his agent or attorney of record, at least "ten days before the trial of such garnishment." Acts 1897, p. 54, Van Epps' Code Supp. § 6225. Failure to give the notice under such circumstances renders the judgment void. When the garnishee is accessible, notice of the filing of the traverse is an indispensable prerequisite to give the court jurisdiction to try the issue made by the traverse. Even if the court has a discretion to grant a postponement that notice may be given, there was no abuse of discretion in the present case in refusing to do so. The plaintiff had more than five months in which to give the notice, and assigned no reason whatever for his

failure to do so. In the absence of a traverse, the answer of the garnishee was such as to authorize his discharge.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*